# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TERMINIX INTERNATIONAL
COMPANY, L.P.,

                Plaintiff,

-vs-                                    Case No.  8:04-cv-574-T-24MAP

PALMER RANCH LIMITED PARTNERSHIP,

                Defendant.

_____/

# O R D E R

      This cause comes before the Court for consideration of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 47).  Plaintiff filed a Response thereto (Doc. No. 48).

## Background

      Defendant filed a state court complaint against Plaintiff.  Plaintiff then filed the instant petition to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 2 and 4, and alleged subject matter jurisdiction based on diversity.[1]  Defendant admitted to Plaintiff's allegations regarding subject matter jurisdiction in its answer and did not otherwise challenge this Court's subject matter jurisdiction.  On August 4, 2004, this Court entered an order in Defendant's favor denying Plaintiff's petition to compel arbitration and closing this case.

      Plaintiff then filed a timely appeal to the Eleventh Circuit.  On December 16, 2005, the Eleventh Circuit entered its decision reversing this Court's August 4, 2004 order with instructions

---

[1]The Federal Arbitration Act does not confer subject matter jurisdiction on federal courts. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997), cert. denied, 525 U.S. 841 (1998).  Independent grounds for subject matter jurisdiction must exist.  Id.

to grant Plaintiff's petition to compel arbitration and stay litigation.  Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship, 432 F.3d 1327 (11th Cir. 2005).  On March 1, 2006, the Eleventh Circuit entered its corresponding judgment and mandate to this Court.  On March 9, 2006, Defendant filed the instant motion raising for the first time the issue of subject matter jurisdiction, specifically that the amount in controversy has not been met.

Discussion

Plaintiff argues that this Court is obligated to follow the mandate entered by the Eleventh Circuit and cannot, at this procedural junction in the case, consider the issue of subject matter jurisdiction.  Although this Court agrees that the case cited by Plaintiff, Litman v. Massachusetts Mutual Life Insurance Co., 825 F.2d 1506 (11th Cir. 1987), supports the proposition that district courts, as a general rule, are compelled to follow mandates of appellate courts, there are exceptions to this general rule, and the issue of subject matter jurisdiction is one such exception.

The Eleventh Circuit in Litman stated that the law of the case doctrine "is based on the premise that an appellate decision is binding in all subsequent proceedings in the same case unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice."  Id. at 1510.  The Eleventh Circuit gave some specific examples of when a seemingly specific mandate may wind up with a different result on remand.  One such example was that the court of appeal's reversal of a conviction and remand for a new trial did not preclude the district court from dismissing the indictment based on a double jeopardy claim when that question was not raised on appeal.  Id. at 1512 (citing United States v. Curtis, 683 F.2d 769 (3rd Cir.), cert. denied, 459 U.S. 1018 (1982)).  Similarly, in the case at bar, subject matter jurisdiction was not raised on appeal

and was not considered by the Eleventh Circuit.  Furthermore, the case law is clear that the issue of

a federal court's subject matter jurisdiction may be raised at any time. <u>Love v. Turlington</u>, 733 F.2d

1562, 1564 (11th Cir. 1984); <u>Bateman v. E.I. DuPont De Nemours & Co.</u>, 7 F. Supp. 2d 910, 911

(E.D. Mich. 1998)(district court considered issue of subject matter jurisdiction after judgment had

been entered); <u>Shultz v. Wheaton Glass Co.</u>, 319 F. Supp. 229, 230-31 & 235 (D. N.J. 1970)(district

court considered issue of subject matter jurisdiction after certified judgment of the appeals court

directing entry of judgment in favor of plaintiff); <u>United States v. Jacksonville Terminal Co.</u>, 351

F. Supp. 452, 454 (M.D. Fla. 1972)(appropriate to consider motion to dismiss based on subject

matter jurisdiction even when "motion comes long after the trial of this case and, in fact, long after

remand from the United States Court of Appeals").   Accordingly, the mandate issued by the

Eleventh Circuit in this case does not preclude the Court from considering Defendant's motion to

dismiss based on subject matter jurisdiction.

   Plaintiff's next argument that subject matter jurisdiction was established when Defendant

admitted or consented to the amount in controversy in its answer is without merit.  The law is clear

that a party cannot consent to subject matter jurisdiction.  <u>Love</u>, 733 F.2d at 1564; <u>Jacksonville</u>

<u>Terminal Co.</u>, 351 F. Supp. at 454 ("regardless . . . that the [defendant] may have hereinbefore

admitted the [plaintiff's] jurisdictional allegations, it is legally necessary and appropriate that this

Court entertain and consider this motion [to dismiss]; for to do otherwise would be to deny the

historically supportable understanding and constitutionally mandated theorem that the parties cannot

confer jurisdiction on a federal court"); <u>Shultz</u>, 319 F. Supp. at 235 (concession by party to subject

matter jurisdiction does not preclude later challenge because jurisdiction cannot be conferred upon

the court by the parties).

"Once jurisdiction is challenged, the burden is upon the party claiming jurisdiction to demonstrate that jurisdiction of the subject matter exists." Jacksonville Terminal, 351 F. Supp. at 454. When Plaintiff filed this action, it alleged diversity jurisdiction and that the amount in controversy was satisfied, presumably because Defendant's state court claim exceeds $75,000. Plaintiff, however, cannot use the value of Defendant's state court claim to satisfy the amount in controversy in this case. It is well established that in actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 218 (11th Cir. 1997). Moreover, the rule in the Eleventh Circuit is that the value of the litigation is determined only from the plaintiff's perspective and not the defendant's. Id. at 219-20. Thus, this Court must apply Ericsson's plaintiff-only rule in determining the value of Plaintiff's claim seeking to compel arbitration, and Plaintiff has failed to establish a value for its claim.

Plaintiff has not cited any binding authority to support its proposition that the value of its claim should be based on the value of Defendant's state action. On the contrary, at least one district court in this circuit has twice held that it is impossible to quantify with any degree of certainty the value of the right to have a claim decided by an arbitrator. Fidelity Warranty Servs., Inc. v. Kidd, 45 F. Supp. 2d 1284, 1287 (N.D. Ala.), aff'd, 196 F.3d 1262 (11th Cir. 1999), reh'g en banc denied, 204 F.3d 1124 (11th Cir. 1999), cert. denied, 529 U.S. 1069 (2000); see also Bronson & Migliaccio, LLP v. Kinsey, 228 F. Supp. 2d 1315, 1317 (N.D. Ala. 2002)("Unless and until the Supreme Court establishes a rule consistent with the majority position on the subject at hand, or the Eleventh Circuit considers the question en banc and joins the majority, a plaintiff cannot enter a federal court in the Eleventh Circuit with no purpose other than to obtain an order sending a controversy to an arbitral

forum" because the court must look to the value of plaintiff's claim rather than to the defendant's total exposure to determine amount in controversy).  The court in <u>Fidelity</u> concluded that under <u>Ericsson</u> and <u>Baltin</u> the assumption of a value of more than $75,000 for the right to have a claim decided by an arbitrator was "speculative" and "immeasurable" and thus does not satisfy the amount in controversy requirement for diversity jurisdiction.  <u>Fidelity</u>, 45 F. Supp. 2d at 1287.

The case cited by Plaintiff, <u>Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.</u>, 431 F.3d 1320 (11th Cir. 2005), does not change this Court's analysis.  The Eleventh Circuit in <u>Peebles</u> held that "a federal court has subject matter jurisdiction where a party seeking to vacate an arbitration award is also seeking a new arbitration hearing at which he will demand a sum which exceeds the amount in controversy for diversity jurisdiction purposes."  The facts and holding in <u>Peebles</u> are inapplicable to the case at bar and does not advance Plaintiff's position.

The language of Rule 12(h)(3), Federal Rules of Civil Procedure, states that: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  Because Plaintiff cannot establish the amount in controversy required for diversity jurisdiction, this Court lacks subject matter jurisdiction, and this action must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)     Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 47) is **GRANTED**.

(2)     Defendant's Motion for Leave to File a Short Reply to Plaintiff's Response (Doc. No. 50) is **GRANTED**.  This Court considered the reply attached to the motion as Exhibit A.

(3)     Defendant's Motion for Leave to File Second Amended Answer (Doc. No. 52) is

        **DENIED** as unnecessary.

(4)     The Clerk is directed to terminate all pending motions and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of July, 2006.


<span style="text-indent:20em">*Susan C. Bucklew*</span>

SUSAN C. BUCKLEW
United States District Judge