UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERMINIX INTERNATIONAL
COMPANY, L.P.,

       Plaintiff,

v.                                               Case No. 8:04-cv-574-T-24 MAP

PALMER RANCH LIMITED PARTNERSHIP,

       Defendant.
_____/

## ORDER

       This cause comes before the Court on the Eleventh Circuit's opinion in this case reversing this Court's order dismissing Plaintiff's motion to compel arbitration and remanding the case with instructions to grant the motion. (Doc. No. 65).

       Defendant filed a state court complaint against Plaintiff. Plaintiff then filed the instant petition to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 2 and 4, and alleged subject matter jurisdiction based on diversity.[1] Defendant admitted to Plaintiff's allegations regarding subject matter jurisdiction in its answer and did not otherwise challenge this Court's subject matter jurisdiction. On August 4, 2004, this Court entered an order in Defendant's favor denying Plaintiff's petition to compel arbitration and closing this case.

       Plaintiff then filed a timely appeal to the Eleventh Circuit. On December 16, 2005, the Eleventh Circuit entered its decision reversing this Court's August 4, 2004 order with

---

[1] The Federal Arbitration Act does not confer subject matter jurisdiction on federal courts. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997), cert. denied, 525 U.S. 841 (1998). Independent grounds for subject matter jurisdiction must exist. Id.

instructions to grant Plaintiff's petition to compel arbitration and stay litigation. <u>Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship</u>, 432 F.3d 1327 (11th Cir. 2005). On March 1, 2006, the Eleventh Circuit entered its corresponding judgment and mandate to this Court.

On March 9, 2006, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, raising for the first time the issue of subject matter jurisdiction – specifically that the amount in controversy had not been met. On July 26, 2006, this Court entered an order in Defendant's favor granting the motion to dismiss and closing the case.

Plaintiff then filed a timely appeal to the Eleventh Circuit. On June 2, 2008, the Eleventh Circuit entered its decision reversing this Court's July 26, 2006 order with instructions to grant Plaintiff's petition to compel arbitration and stay litigation. On July 2, 2008, the Eleventh Circuit entered its corresponding judgment and mandate to this Court.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) The Clerk is directed to reopen this case;

(2) The Court's order of July 26, 2006 dismissing the case for lack of subject matter jurisdiction (Doc. No. 60) is set aside;

(3) Plaintiff's Petition to Compel Arbitration (Doc. No. 1) is **GRANTED**;

(4) All proceedings in this action are **STAYED** pending completion of arbitration, and the Clerk is directed to **ADMINISTRATIVELY CLOSE** this case; and

(5) Plaintiff is directed to inform the Court to reopen the case at the conclusion of the arbitration proceedings if necessary.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of July, 2008.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

2